UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| QUICK FITTING, INC., : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 13-56S |
| : | |
| WAI FENG TRADING CO. LTD., et al., : | |
|     Defendants. : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

    Before me is the motion[1] of Plaintiff Quick Fitting, Inc., ("Quick Fitting") for leave to file a second amended complaint in this case. ECF No. 100. This case is one of two[2] between these parties – while the cases initially were consolidated, based on my recommendation that they could be judicially managed with far greater facility if they were separated, deconsolidation and severance of certain Counts was ordered on August 22, 2014. Wai Feng Trading Co. v. Quick Fitting, Inc., No. CA 13-033S, 2014 WL 4199174, at *1-9 (D.R.I. Aug. 22, 2014) ("deconsolidation order"). Quick Fitting's motion to amend seeks to accomplish two goals. First, the motion amounts to the latest in an unfortunate[3] pattern of conduct by Quick Fitting as it persistently tries to re-muddy the waters by re-injecting 13-33 issues into 13-56 and vice versa. To that extent Defendants vigorously object and I recommend that the motion be denied. The

---

[1] This motion was referred to me for determination; under ordinary circumstances, a motion to amend a complaint is nondispositive. When, as here, the motion's effect is potentially dispositive of a claim or defense, it should be dealt with by report and recommendation. See Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993); Emissive Energy Corp. v. Novatac, Inc., C.A. No. 09-13S, 2010 WL 2991201, at *2 (D.R.I. July 28, 2010); Caranci v. Blue Cross & Blue Shield of R.I., 194 F.R.D. 27, 31 n.1 (D.R.I. 2000).

[2] The simple case seeking payment for goods sold and delivered is Wai Feng Trading Co. Ltd. v. Quick Fitting, Inc., C.A. No. 13-33S ("13-33"). The instant case is the complex one; it claims theft of intellectual property and has many defendants who are not parties in 13-33. Quick Fitting, Inc. v. Wai Feng Trading Co. Ltd., C.A. No. 13-56S ("13-56").

[3] Deconsolidation has accomplished the Court's goal of providing clarity and facilitating judicial management of these cases; for example, the scope of relevancy in the two cases is starkly different and deconsolidation has made it far easier for the Court to address the parties' contentious discovery disputes.

balance of what is new in the proposed amended complaint is based on factual information developed during discovery, much of which was aired during the parties' dispute over whether this Court may exercise personal jurisdiction over two of the individual Defendants. Finding that any potential prejudice caused by adding this material to the complaint can be cabined, I recommend that this aspect of the motion to amend be granted.

I. **Background and Analysis**

Quick Fitting's proposed Second Amended Verified Complaint has swelled to 259 paragraphs and fifty-three pages of text and twenty-three pages of attachments.

Like the predecessor pleading, the focus of much of the proposed amended complaint is on the facts and related causes of action arising from the breach of the confidentiality and non-compete agreements that are the foundation of 13-56. However, the Second Amended Verified Complaint also continues to include material related to the defects and mislabeling problems with the products for which Quick Fitting refused to pay, resulting in the claim for payment asserted in 13-33. Proposed Counts V ("breach of contract"), VI ("negligence"), VII ("breach of implied duty of good faith") and VIII ("breach of implied warranty of merchantability and fitness for a particular purpose") allege that Quick Fitting's failure to pay, as claimed in 13-33, was justified by the failure of the goods to conform to the lead-free requirements and other specifications in Quick Fitting's purchase order. These Counts parrot Counts IV through VII of Quick Fitting's First Amended Verified Complaint in 13-56 (ECF No. 59), which was filed before the deconsolidation order separated 13-56 from 13-33 and severed Counts IV through VII.

The new material in the Second Amended Verified Complaint is focused on Quick Fitting's core claim in this case that, under the guise of the confidentiality and non-compete agreements, Defendants stole the intellectual property protecting Quick Fitting's proprietary

design for push-fit plumbing products and used it to manufacture and sell copy-cat push-fit products on the internet. In addition to an array of new factual allegations, the newly asserted claims proposed by the amendment are Count III ("fraud and misrepresentation") and Count IX ("personal liability of Andrew Yung and Jacky Yung acting under W&F Manufacturing and EFF Inc."). The new fraud Count alleges that the confusion in the entity names used by Andrew Yung in various confidentiality and non-compete agreements amounted to fraud on which Quick Fitting relied to its detriment and which induced it to supply its intellectual property to an entity not bound to protect its secrets. The "personal liability" Count is transparently aimed at buttressing Quick Fitting's effort to assert personal jurisdiction over Andrew and Jacky Yung.[4] While expressing no view as to whether "personal liability" is a viable cause of action, I note that Count IX sets out the facts developed during jurisdictional discovery establishing that Andrew Yung took various actions resulting in potential confusion (or fraud as Quick Fitting claims) regarding the entity on whose behalf he was acting. Read generously for purposes of this motion to amend, I take Count IX as a more focused articulation of the fraud/misrepresentation claim proposed for Count III.

### A. Amendment to Reassert Severed Claims

The deconsolidation report and recommendation, which the District Court accepted in its entirety based in part on the lack of objection from either Quick Fitting or Defendants, ordered that Counts IV though VII, which had been previously pled in this case, be severed and asserted as counterclaims in 13-33. Those Counts alleged that the goods sold to Quick Fitting were defective and mislabeled – they provide a defense to Quick Fitting's failure to pay, which is the

---

[4] On February 27, 2015, I recommended that this Court grant Jacky Yung's motion to dismiss him from this suit based on lack of personal jurisdiction. In making this recommendation, I considered and found inadequate Quick Fitting's jurisdictional facts purporting to establish that he and Andrew Yung each are a "participant and member" of an unincorporated association known as "W&F Manufacturing" and an unincorporated entity known as "EFF Inc." ECF No. 104. This report and recommendation is currently pending.

essence of the claim against it in 13-33.  They have nothing to do with the claims in 13-56, which allege that Defendants stole intellectual property and breached three confidentiality and two non-compete agreements.

Quick Fitting's motion to amend its complaint seeks to undo the deconsolidation order by reasserting the severed claims, now denominated as Counts V through VIII.  To justify its effort, it argues illogically that the Court intended its order to operate only retrospectively so that it concerned only the complaint in 13-56 "that existed at the time," leaving Quick Fitting free to re-entangle the cases.  Even more illogically, Quick Fitting argues that it needs to assert its claim that the product for which it did not pay was defective against the potpourri of Defendants joined in 13-56, even though none of them is seeking payment in this action and the only claim against Quick Fitting for payment is asserted in 13-33.  It is difficult not to agree with Defendants' assertion – with which Quick Fitting takes great umbrage – that this aspect of the proposed amendment seems to constitute an intentional contravention of the Court's order.

Counts V to VIII of the proposed amended complaint mirror the claims (Counts IV to VII) that the Court ordered be severed out of 13-56, which are now pending in 13-33.  I recommend that this Court decline to endorse this attempt by Quick Fitting to confuse the issues, which would have such an adverse impact on judicial economy, and deny Quick Fitting's motion to amend to the extent it seeks to allege Counts V, VI, VII and VIII of the proposed amended complaint in this case.

B.       <u>Balance of Motion to Amend</u>

The remainder of the proposed pleading is a garden variety update to bring the complaint into conformity with the facts developed in discovery.  Mindful that Fed. R. Civ. P. 15(a) requires that courts "should freely give leave when justice so requires," I recommend that Quick

4

Fitting's motion be granted and that it be permitted to file an amended complaint purged of the Counts that belong, and are already pending, in 13-33. See U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009).

Defendants first argue that the motion is untimely and prejudicial and therefore should be denied in its entirety. In considering this argument, the Court's analysis is guided by Giuffre v. Deutsche Bank National Trust Company, 759 F.3d 134, 139 (1st Cir. 2014), where a last-ditch amendment to mutate a case to avoid dismissal was denied as untimely. Unlike Giuffre, this case is not on the brink of, or past final disposition. Rather, discovery is still open and was recently extended. See Allied Int'l, Inc. v. Int'l Longshoremen's Ass'n, 814 F.2d 32, 37 (1st Cir. 1987) (amendment to pleading allowed when discovery still open and ongoing). Moreover, there is no unfair surprise with this amendment – the newly pled facts and theories of recovery have all been developed over the many months this case has been pending. Further, since at least December 2014, Quick Fitting has advised the parties and this Court that it was working on this amendment, which would be forthcoming as soon as it was ready. To the extent that any new facts were recently developed, that was in connection with the motion of Andrew and Jacky Yung to dismiss for lack of personal jurisdiction, as to which both parties have taken and completed extensive discovery.[5]

This amendment is not a restart that will add years to the life of this case and Quick Fitting does not argue that its amendment will require it to pursue new discovery. Emissive Energy Corp. v. Novatac, Inc., C.A. No. 09-13 S, 2010 WL 2991201, at *3-4 (D.R.I. July 28, 2010) (motion to amend on brink of close of fact discovery denied where additional expert

---

[5] Defendants' objection based on their fear that the proposed amended complaint might be used to assert personal jurisdiction over Andrew or Jacky Yung is mooted by my report and recommendation on the motion to dismiss for lack of personal jurisdiction. In it, I took note of the proposed amended complaint and concluded that nothing in it, even if verified, would alter the outcome of that motion.

discovery would be needed in connection with it). Rather, it asserts that its newly asserted facts and claims are derived from discovery that it has already completed. To mitigate any prejudice that the amendment might cause to Defendants, I recommend that Quick Fitting's right to amend be conditioned on Defendants being free to reopen any completed depositions of Quick Fitting's employees to the extent necessary to inquire about theories or facts newly raised by the amended complaint, without extending the fact discovery period.

In addition to undue delay, Defendants contend that the new causes of action for fraud and misrepresentation are futile because they fail to clear the particularity hurdle in Fed. R. Civ. P. 9(b) and because the facts (particularly the sworn testimony of Quick Fitting's president and vice president of operations) developed in discovery make clear that Quick Fitting cannot establish intent to defraud. A proposed complaint may be denied as futile if the "complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). Here, however, Defendants' futility arguments are insufficiently developed and are more properly raised as a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Gen. Steel Domestic Sales, LLC v. Steelwise, LLC, No. CIVA07CV01145, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) ("Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."). More importantly, as Quick Fitting points out, the gravamen of Defendants' attack on the new pleading is focused on its inconsistency with the evidence in the record, suggesting that the appropriate challenge is by a Fed. R. Civ. P. 56 motion for summary judgment, which may take facts outside the pleading into consideration. Similarly, to the extent the new allegations conflict with sworn prior testimony of Quick Fitting's witnesses, the inconsistency may be used to impeach those witnesses at trial.

Inconsistency with the testimony in the record does not amount to a reason to deny a motion to amend. See Streit v. Bushnell, 424 F. Supp. 2d 633, 640 n.4 (S.D.N.Y. 2006); Molner v. Karp, No. CIV.99-179-P-C, 1999 WL 1995214, at *1 (D. Me. Sept. 20, 1999); cf. Bye v. Connecticut, No. 3:09CV2052 SRU, 2011 WL 1271690, at *1 (D. Conn. Apr. 5, 2011) (denying motion to strike allegations in complaint based on inconsistent deposition testimony; whether "allegations are not, in fact, true . . . [is] more properly analyzed at trial and not on the sterile field of the pleadings alone").

Accordingly, I recommend that Quick Fitting be given leave to assert its new facts and related new claims for fraud and misrepresentation (Counts III and IX), particularly where they simply bring the complaint into conformity with the facts and theories that Quick Fitting believes that it has already developed in discovery.

## II.     Conclusion

Based on the foregoing, I recommend that Quick Fitting's motion for leave to amend complaint be granted in part and denied in part. ECF No. 100 (13-56). Quick Fitting's motion to amend should be denied to the extent it seeks to allege Counts V, VI, VII and VIII of the proposed amended complaint; the balance of the motion to amend should be granted.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 12, 2015