UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
                                    )
QUICK FITTING, INC.,                )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 13-056 S
                                    )
WAI FENG TRADING CO.,               )
LTD.; et al.,                       )
                                    )
        Defendants.                 )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

On February 27, 2015, United States Magistrate Judge Patricia A. Sullivan issued a Report and Recommendation ("R&R") in the above-captioned matter (ECF No. 104) recommending that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 73) be GRANTED as to Defendant Jacky Yung and DENIED as to Defendant Andrew Yung. Plaintiff, Quick Fitting, Inc. ("Quick Fitting"), filed an objection to the R&R (ECF No. 111), and Defendants Andrew and Jacky Yung (collectively, "the Yungs") filed a response to that objection (ECF No. 117). Because this Court agrees with Judge Sullivan's analysis, it hereby accepts, pursuant to 28 U.S.C. § 636(b)(1), the R&R. The relevant facts, procedural background, and analysis are fully set forth in the

R&R.  The Court limits its discussion to and presents only those facts pertinent to Plaintiff's objections.

Generally, "[i]n considering an objection to an R&R, the Court conducts 'a de novo determination of those portions of the [R&R] to which objection is made' and 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" Emissive Energy Corp. v. SPA-Simrad, Inc., 788 F. Supp. 2d 40, 42 (D.R.I. 2011) (quoting 28 U.S.C. § 636(b)(1)).  However, Defendants suggest that a motion to dismiss for lack of personal jurisdiction is a non-dispositive motion, and therefore the Court should use a "clearly erroneous or contrary to law" standard to review the R&R.  (Defs.' Resp. 5-6, ECF No. 117.)  Defendants cite case law where a motion to remand was deemed to be non-dispositive and reason that, like a motion to remand, a motion to dismiss on jurisdictional grounds "is without prejudice to Quick Fitting's purported claims against the Yungs," and "this litigation would continue without the Yungs as parties." (Id. at 6.)

The Court is not convinced that a motion to dismiss for lack of jurisdiction is a non-dispositive motion:  unlike a motion to remand, granting a motion to dismiss "involuntarily dismiss[es] an action," 28 U.S.C. 636(b)(1)(A), rather than sending it to be heard by another court.  In any event, under

2

either level of review, the Court accepts the R&R for the reasons that follow.

Quick Fitting first contests Judge Sullivan's conclusion that the only basis for personal jurisdiction over Andrew Yung was the fact that he "signed [the 2010 License Agreement] with Quick Fitting on behalf of an entity he did not have authority to bind, which agreement includes a Rhode Island forum selection clause." (R&R 2, ECF No. 104.) According to Quick Fitting, "[t]he court should have found jurisdiction due to Andrew Yung's execution of the 2010 License Agreement – regardless of the inclusion of the forum-selection – coupled with his activities in supplying push-fit plumbing products to Quick Fitting thereafter." (Pl.'s Objection 4, ECF No. 111.) However, because the Court agrees with Judge Sullivan's recommendation to exercise pendant personal jurisdiction over all claims against Andrew Yung (R&R 16 n.10, ECF No. 104), it need not reach the question of whether the 2010 License Agreement, combined with "his activities in supplying push-fit plumbing products to Quick Fitting," are sufficient to establish personal jurisdiction over all claims against him.

Quick Fitting next argues that Judge Sullivan erred in finding no personal jurisdiction over either Andrew or Jacky Yung based on their execution of the 2011 Non-Disclosure

3

Agreement ("NDA") on behalf of Eastern Foundry & Fittings, Inc. ("EFF") before it was incorporated. Quick Fitting takes issue with Judge Sullivan's supposedly "broad and unsupported assumption" that "if Andrew and Jacky were not acting for EFF Trading [EFF Inc.] because it was not yet incorporated, they were acting for its predecessor, Wai Feng Trading." (Pl.'s Objection 6, ECF No. 111 (quoting R&R 18, ECF No. 104).) The crux of Quick Fitting's argument is that because Andrew and Jacky Yung executed the 2011 NDA on behalf of an entity that had not yet been incorporated, their actions in the five-month period between their signing of the contract and EFF's incorporation – including one visit to Rhode Island in September 2011 – confer personal jurisdiction.

As Defendants point out, the cases Quick Fitting cites in support of this argument are easily distinguishable in that those cases found personal liability where a non-existent corporation had failed to pay its debts. (Defs.' Resp. 17-18, ECF No. 117); see Kingsfield Wood Products, Inc. v. Hagan, 827 A.2d 619 (R.I. 2003); Bricklayers & Allied Craftsmen Local Union No. 3 v. Union Stone, Inc., C.A. No. 13-138-ML, 2013 WL 5701851 (D.R.I. Oct. 17, 2013); DBA/Delaware Sys. Corp. v. Greenfield, 636 A.2d 1318 (R.I. 1994). Quick Fitting contends that "[t]here is no reason the same principle should not apply to a business

4

prior to its incorporation." (Pl.'s Objection 9, ECF No. 111.) If this were a situation in which the Yungs had incurred debts on behalf of EFF prior to its incorporation and EFF refused to pay them, this assertion might hold water.  Here, however, there are no debts for which EFF has shirked responsibility.  To the contrary, it appears that EFF ratified Andrew and Jacky Yung's actions and assumed liability under the 2011 NDA, as EFF was entitled to do under Rhode Island law.  (Defs.' Resp. 15, ECF No. 117.)  EFF as a corporate entity is a defendant in this case and does not contest personal jurisdiction. Nothing in Kingsfield, Bricklayers, or DBA suggests that actions taken on behalf of a company prior to its incorporation confer personal jurisdiction where the company still exists and has assumed responsibility for those actions.

Moreover, Quick Fitting does not address Judge Sullivan's conclusion – with which this Court agrees - that:

> even if Quick Fitting can establish that Andrew and Jacky are somehow liable for their actions taken between May and October 2011 before EFF Trading was incorporated, this argument collapses because neither Andrew's nor Jacky's contacts with Rhode Island on behalf of EFF Trading are sufficient to support personal jurisdiction.

(R&R 18, ECF No. 104.)  As Quick Fitting admits, a contract alone is not sufficient to confer personal jurisdiction. (Pl.'s Objection 9, ECF No. 111.)  Quick Fitting instead argues that

5

"the 2011 Non-Disclosure Agreement with the non-existent EFF Inc., and the continuous business carried on by Andrew and Jacky Yung prior to the company's incorporation more than five months later, satisfies the 'contract-plus' analysis adopted in the First Circuit." (Id. at 9-10.)  The problem is that aside from the signing of the contract, the passage of five months, and one visit to Rhode Island, Quick Fitting has not presented any evidence in support of its claim that there was "continuous business carried on by Andrew and Jacky Yung" in Rhode Island before EFF incorporated.  Quick Fitting fails to cite any cases where a similar level of contact has conferred personal jurisdiction, nor does it attempt to distinguish the cases on which the R&R relied to determine that "[m]erely coming to a jurisdiction to visit a business without more, is insufficient to invoke personal jurisdiction."[1]  (R&R 18, ECF No. 104); see

---

[1] Quick Fitting contests Judge Sullivan's conclusion based on Jacky Yung's deposition testimony that the Yungs were "[j]ust visiting" in September 2011 and "did not discuss any written agreements with Quick Fitting."  (Pl.'s Objection 8 n.12, ECF No. 111 (citing R&R 18, ECF No. 104).)  Even taking as true Quick Fitting's claims that "the September 2011 trip to Quick Fitting was in the middle of the business relationship between the entities and at a time Quick Fitting had communicated a series of complaints to the Yungs concerning the quality of the products it was receiving" and that "Andrew Yung emailed Quick Fitting prior to the visit stating that the visit was to 'disuse [sic] about the future business plan,'" this Court is still not persuaded that the one meeting rises to the level of contact sufficient to establish personal jurisdiction.

Grange Consulting Grp. v. Bergstein, Civil Action Entry No. 13-cv-06768 (PGS), 2014 WL 5422191, at *1-2 (D.N.J. Oct. 22, 2014) (one visit to forum state insufficient to establish personal jurisdiction); Upstate Networks, Inc. v. Early, No. 6:11-CV-01154 LEK/DEP, 2012 WL 3643843, at *6 (N.D.N.Y. Aug. 23, 2012) (two or three meetings in forum that "did not occur during contract negotiations, but instead transpired as performance of the contract was ongoing" did not confer personal jurisdiction). At the end of the day, Quick Fitting has simply not made a showing that the activities of Andrew and Jacky Yung between the signing of the 2011 NDA in May and the incorporation of EFF five months later, were sufficient to establish personal jurisdiction.

Quick Fitting further contends that Judge Sullivan erred in failing to find jurisdiction based on the intentional tortious conduct alleged. Specifically, Quick Fitting asserts that:

> Quick Fitting's jurisdictional argument is not that it suffered harm in Rhode Island because the defendants disseminated information here, but that it suffered harm because the defendants acquired information here – the confidential and trade secret information belonging to and held by Quick Fitting in Rhode Island. The Court in Calder [v. Jones, 465 U.S. 783 (1984)] reasoned that an element of the tort of libel is the defendant reaching in to the forum to communicate or disseminate information; one element of the tort of misappropriation of trade secrets at issue here involves the defendant reaching in to the forum to appropriate and acquire information.

(Pl.'s Objection 12, ECF No. 111 (emphasis in original).)  As Defendants note, "[t]o the extent Quick Fitting implies that the Yungs or Yung Companies physically came to Rhode Island and during that visit received the alleged trade secret information, there is not [a] scintilla of fact, alleged or otherwise, to support that contention."  (Defs.' Resp. 9-10, ECF No. 117.) Indeed, it appears the evidence supports the opposite conclusion: that any alleged theft of trade secrets occurred outside Rhode Island when Quick Fitting's Vice President of Operations, Michael Pappas, emailed the alleged trade secrets to the Yung Companies in Canada and China.  (Id. at 10 n.6.)  The fact that the information was acquired from a Rhode Island company is not enough to establish personal jurisdiction.  See Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum.").

Quick Fitting's reliance on Calder is misplaced:  "The crux of Calder was that the reputation-based 'effects' of the alleged libel connected the defendants to California, not just to the plaintiff.  The strength of that connection was largely a function of the nature of the libel tort."  Id. at 1123-24. While it is conceivable that a trade secret misappropriation claim could give rise to personal jurisdiction, on the facts of this case, Quick Fitting has failed to establish a connection

8

with the state of Rhode Island beyond Defendants' connection to a Rhode Island company.

Finally, Quick Fitting argues that Judge Sullivan erred in failing to pierce the corporate veil. Quick Fitting acknowledges that "[t]he R&R communicates a certain degree of frustration concerning the detail provided by the plaintiff in its First Amended Complaint, as well as the further detail set forth in plaintiff's proposed Second Amended Complaint," but nonetheless "urges that the proffered level of detail strongly suggests that the individuals, Jacky and Andrew Yung, have indeed treated their respective entities as mere convenience, intermingling assets, equipment, personnel, and even ownership, without regard to corporate form or separation." (Pl.'s Objection 14, ECF No. 111.) It is not clear whether Quick Fitting is attempting to argue that its admitted lack of detail actually supports its veil-piercing argument, or that Judge Sullivan was incorrect in her assessment of the level of detail. Regardless, the fact remains that Quick Fitting "has offered no evidence of the use of a sham entity, of undercapitalization, of the lack of corporate records, of insolvency, or of the improper use of the corporate form by dominant shareholders." (R&R 21, ECF No. 104.)

9

For these reasons, the R&R is ADOPTED, and Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED as to Jacky Yung and DENIED as to Andrew Yung.

IT IS SO ORDERED.

/s/ W. Smith
William E. Smith
Chief Judge
Date: September 29, 2015