**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WAI FENG TRADING CO. LTD.,
and EFF MANUFACTORY CO. LTD.
Plaintiffs
v.

QUICK FITTING, INC.
Defendant

CA No. 13-033-S

QUICK FITTING, INC.
Plaintiff
v.

WAI FENG TRADING CO. LTD.,
EASTERN FOUNDRY & FITTINGS, INC.,
EASTERN FOUNDRY AND FITTINGS, LLC,
NINGBO EFF MANUFACTORY CO, LTD.,
f/k/a NINGBO W&F MANUFACTORY CO., LTD,
WAI MAO COMPANY, LTD.,
CIXI CITY WAI FENG BALL VALVE
COMPANY, LTD.,
W&F MANUFACTURING
CHI YAM "ANDREW" YUNG
Defendants

CA No. 13-056-S

**QUICK FITTING, INC.'S AMENDED**
**RULE 56 STATEMENT OF UNDISPUTED FACTS**

Quick Fitting, Inc. ("Quick Fitting") submits this Amended Statement of Undisputed Facts in Support of its *renewed* Motion for Summary Judgement, filed contemporaneously herewith.[1]

1. Quick Fitting, Inc. ("Quick Fitting") is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business at 30 Plan

[1] This Statement is amended to correct certain omissions discovered after the filings of September 15, 2017, and in light of the recent filings, including new affidavits, proffered by the Yungs and/or the Yung Entities.

Way, Warwick, Rhode Island. Quick Fitting's *Second Amended Complaint* ("SAC"), 13-056 Dkt. 135, ¶1.

2. Quick Fitting's *Second Amended Complaint* attached three exhibits – three written agreements between various of the parties. For ease of reference herein, a true and accurate copy of the *Second Amended Complaint* alone, *without attachments*, is submitted as *Exhibit A*. True and accurate copies of the *attachments* to the complaint are submitted as *Exhibit A-1, Exhibit A-2, and Exhibit A-3*, respectively.

3. Quick Fitting designs, manufactures, and distributes so-called "push-fit" or "push-to-connect" plumbing fittings and valves. *SAC*, (*Exhibit A*), ¶¶ 2-3.

4. "Push-fit" plumbing technology allows for the permanent connection of pipes, fittings, and valves made of copper, polyvinyl chloride (PVC), and other materials simply by pushing them together by hand, without the need for soldering or other heat or chemical applications, hence the name "push-fit" or "push-to-connect". *Id.*

5. Quick Fitting owns and has applied for multiple United States patents on the technology contained in its products, and strives to protect as trade secrets various design features, materials, sourcing, and methods of manufacture of its push-fit products. *Id.*

6. Chi Yam "Andrew" Yung and Chi Pang "Jacky" Yung are brothers who both reside in Ontario, Canada. (They shall be referred to collectively herein as "the Yungs".)

7. The Yungs, their close family relatives, or various combinations thereof, are the principal owners, officers, directors, and/or managers of several entities that are involved in the manufacture and supply of plumbing parts and components. *SAC*, (*Exhibit A*), ¶¶ 5-9.

8. The companies owned by the Yungs shall be referred to herein as the "Yung Entities," and include the following:

- Eastern Foundry & Fittings, Inc. ("EFF Inc."), a Canadian corporate entity organized and existing under the laws of the Province of Ontario, Canada, with a principal place of business at 10 Brodie Drive, Richmond Hill, Ontario, Canada, presently co-owned by Andrew Yung and Jacky Yung;
- Wai Feng Trading Co. Ltd. ("Wai Feng Trading"), which is or was a Canadian corporate entity organized and existing under the laws of the Province of Ontario, Canada, with a principal place of business at 10 Brodie Drive, Richmond Hill, Ontario, owned by Andrew Yung and Jacky Yung's mother, but then transferred to Jacky Yung in August, 2014, during the course of this litigation;
- Wai Mao Company, Ltd. ("Wai Mao"), a Canadian entity organized and existing under the laws of Ontario, Canada, with a principal place of business located at 10 Brodie Drive, Richmond Hill, Ontario, presently owned by Jacky Yung;
- Eastern Foundry & Fitting, LLC ("EFF LLC"), a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 76 Production Road, Walpole, Massachusetts, owned in equal shares by Andrew Yung, Jacky Yung, and Ronald Roberts of Cumberland Rhode Island; and
- EFF Manufactory Co., Ltd. ("EFF Manufactory"), a Chinese corporate entity organized and existing under the laws of the People's Republic of China with a principal place of business at Long Shan Industrial District, 208 Long Zhen Road, Cixi City, Ningbo, Zhejiang, China, presently owned by Andrew Yung.

*See* SAC (*Exhibit A*), ¶¶ 11, 20, 26, 29, 37.

9. Prior to associating with Quick Fitting, neither the Yungs nor the Yung

Entities had been engaged in the design, manufacture, or supply of push-fit plumbing products. *See* SAC (*Exhibit A*) ¶¶ 87-88, and combined *Answer to Second Amended Complaint*, 13-056 Dkt. 56, ¶¶ 87-88. *See* Deposition of EFF Manufactory Co. Ltd. (by Andrew Yung), October 20, 2015 ("EFF Mfg. Depo. 10/20/15"), relevant portions of which are attached hereto as *Exhibit B*; at p. 22. *See* Deposition of Wai Feng Trading (by Jacky Yung), January 29, 2016 ("WFT Depo. 1/29/16"), relevant portions of which are attached hereto as *Exhibit C*, p. 71.

10. In February 2010, Quick Fitting entered into a written agreement (the "*2010 Wai Feng License and Supply Agreement*"). The *2010 Wai Feng License and Supply Agreement* dated February 16, 2010 was the first attachment to the SAC; a true and accurate copy is attached as *Exhibit A-1* herein. *See Exhibit A-1,* p.12, ¶¶ 60-62.

11. Andrew Yung executed the *2010 Wai Feng License and Supply Agreement* on behalf of "W&F Manufacturing and its affiliates":


LICENSEE: W&F Manufacturing and its affiliates

By:
Name
Title

*Exhibit A-1*, p.8; Deposition of EFF Manufactory Co. Ltd. (by Andrew Yung), November 7, 2014, ("*EFF Mfg. Depo*. 11/7/14"), relevant portions of which are attached hereto as *Exhibit D*, pp. 40-43.

12. The Yungs describe "W&F Manufacturing" as a trade name; Andrew Yung states that it was the name by which they formerly referred to the manufacturing facility that later would become EFF Manufactory. EFF Mfg. Depo. 10/20/15 (Exhibit B) p. 17-18.

13. The first paragraph of the *2010 Wai Feng License and Supply Agreement*

states that W&F Manufacturing is "comprised of three divisions - Wai Mao Company Ltd., Wai Feng Trading Company, Ltd., and Cixi City Wai Feng Ball Valve Company Ltd., Toronto Canada":

> This License and Supply Agreement ("Agreement") is entered into as of February 16, 2010 ("Effective Date"), between Quick Fitting Incorporated a Rhode Island corporation having a place of business at 750 Narragansett Park Drive, East Providence, RI. 02916 ("Licensor"), and W&F Manufacturing is comprised of three divisions - Wai Mao Company Ltd, WaiFeng Trading Company Ltd and Cixi City WaiFeng Ball Valve Company Ltd., Toronto, Canada ("Licensee")

*See Exhibit A-1*, p.1.

14. The *2010 Wai Feng License and Supply Agreement* identifies Wai Feng Trading as a "division" of "W&F Manufacturing." *Id.*

15. The *2010 Wai Feng License and Supply Agreement* also identifies another of the Yung Entities, Wai Mao, as another division of W&F Manufacturing. *Id.*

16. The entity identified as the third division of W&F Manufacturing in the *2010 Wai Feng License and Supply Agreement*, is Cixi City Wai Feng Ball Valve Company, Ltd. ("Wai Feng Ball Valve"). *Id.*

17. Wai Feng Ball Valve was a Chinese manufacturer of plumbing parts and supplies that was owned by Andrew Yung and Jacky Yung's uncle, Johnny Liu. Andrew Yung Jurisdiction Deposition, November 6, 2014 ("*Andrew Yung Jur. Depo* 11/6/14"), relevant portions of which are attached as Exhibit E hereto, p. 18. *See also Exhibit A,* ¶¶ *46-48*.

18. Wai Feng Ball Valve was a supplier of plumbing pieces to Wai Mao and Wai Feng Trading. *EFF Mfg. Depo*. 11/7/14 (Exhibit D), p. 22.

19. Wai Feng Ball Valve was an affiliate of W&F Manufacturing at the time of the *2010 Wai Feng License and Supply Agreement.* Deposition of Wai Feng Trading (by

Jacky Yung), November 6, 2014, ("*WFT Depo.* 11/6/14"), relevant portions of which are attached hereto as *Exhibit F*, p. 19. Andrew Yung described Wai Feng Ball Valve as a division of W&F Manufacturing. *Andrew Yung Jur. Depo* 11/6/14 (Exhibit E), p. 16-17. In 2014 Andrew Yung and Jacky Yung both answered that there were no other affiliates at the time of the *2010 Wai Feng License and Supply Agreement*. *EFF Mfg. Depo*. 11/7/14 (Exhibit D), p. 43; *WFT Depo.* 11/6/14 (Exhibit F), p. 19.

20. The Yung Entities had identified Wai Feng Ball Valve on their Internet website as "the production division of W&F Manufacturing…geared to produce brass ball valves…plumbing and fitting accessories." *See waifeng.com* website screen captures, true and accurate copies of which are attached as Exhibit G hereto; *Andrew Yung Jur. Depo.* 11/6/14 (Exhibit E), pp. 23-25, and pages attached as exhibit 6 thereto; SAC (Exhibit A) at ¶198.

21. Andrew Yung now takes the position that he had no authority to execute the *2010 Wai Feng License and Supply Agreement* on behalf of Wai Feng Ball Valve. *Andrew Yung Jur. Depo*. 11/7/14 (Exhibit E), at pp. 17-18. He did not take this position or inform Quick Fitting of this position until after the commencement of this litigation.

22. The Yungs claimed in interrogatory answers in November 2013 that Wai Feng Ball Valve was then "no longer in business." *See Wai Feng Trading Answers to Quick Fittings, Inc.'s First Interrogatories*, November 6, 2013, relevant portions of which are submitted as *Exhibit H*, Answer No. 5(f).

23. Evidence adduced in discovery demonstrates that the Yung Entities continued to purchase and receive products from Wai Feng Ball Valve through at least 2010. See Emails involving Andrew Yung and Vivian Wang dated July 2010 discussing product orders

to Wai Feng Ball Valve in mid-2010, true and accurate copies of which are attached as Exhibit I hereto.

24. Following execution of the *2010 Wai Feng License and Supply Agreement*, Quick Fitting provided proprietary plans, designs, drawings, and assistance to enable the W&F Manufacturing entities to develop and refine the manufacture of push-fit plumbing products using Quick Fitting's proprietary technology. *See* Deposition of EFF Manufactory (by Andrew Yung), January 22, 2016 ("EFF Mfg. Depo. 1/22/16"), relevant portions of which are attached hereto as *Exhibit J*, p. 134; *See Exhibit B*, p. 28. *See* SAC (Exhibit A), ¶68, and defendants' Answer thereto, 13-056 Dkt. 139, ¶68.

25. Quick Fitting for a time during 2010 and early 2011 issued purchase orders to W&F Manufacturing. Some were addressed to "W&F Manufacturing ," to "Ningbo W&F Mfg.," or simply to "W&F". True and accurate copies of all of Quick Fitting's purchase orders to the Yung entities are submitted as *Exhibit K*.

26. Quick Fitting grew dissatisfied due to product quality and service issues, and wished to disassociate itself from the W&F Manufacturing operation, including Wai Feng Trading and Wai Feng Ball Valve. *Exhibit A*, p.14, ¶ 75.

27. The Yungs informed Quick Fitting in early 2011 that they were establishing a new manufacturing facility in China that would operate and be managed separately and in different facilities than the former operation involving the "W&F Manufacturing" entities. *Exhibit A*, at ¶ 76.

28. Instead of the "W&F Manufacturing" operation, the Yungs informed Quick Fitting that their new entities would be branded under variants of the name "Eastern Foundry and Fittings" or "EFF". *Exhibit A*, at ¶ 76. One of the new companies was "Eastern Foundry

and Fittings, Inc." or "EFF Inc."

29. The Yungs informed Quick Fitting that the production/manufacturing facility would thereafter be EFF Manufactory. The Purchase Orders (attached as Exhibit K) indicate that Quick Fitting stopped addressing Purchase Orders to "WF,' "Ningbo W&F Mfg.," or "W&F Manufacturing" as of March 30, 2011. All purchase orders thereafter were issued to EFF Manufactory as "Vendor," as each PO reflects. *See* Exhibit K.

30. Email from Quick Fitting to Andrew Yung on March 31, 2011 and distributed internally reflects David Crompton's instructions to his staff to "change the name and information on file for W & F…" to that as had been supplied for EFF Manufactory. See Exhibit L attached hereto.

31. Internet domain name registration records indicate that the Yungs registered a new domain name, *eff-fitting.com*, on May 4, 2011, and transitioned from use of their old domain, *waifeng.com*, thereafter. A true and accurate copy of the Whois registrations record for *eff-fitting.com* is attached as Exhibit M hereto. Andrew Yung testified that EFF Manufacturing never used the earlier *waifeng.com* domain name. *EFF Mfg. Depo*. 11/7/14 (Exhibit D), p. 34.

32. Quick Fitting's principals travelled to China and inspected the new EFF Manufactory facilities, which they observed were different from those they knew as the "W&F Manufacturing"/Wai Feng Ball Valve manufacturing facilities. SAC (Exhibit A), at ¶76.

33. Based on the establishment of the new Eastern Foundry and Fittings or "EFF" operations, Quick Fitting in April 2011 asked the Yungs to execute new nondisclosure and non-competition agreements naming what they understood were the new entities. SAC

(Exhibit A), at ¶ 77. Quick Fitting first sent the Yungs a written nondisclosure agreement (the "*2011 Non-Disclosure Agreement*") (*Exhibit A-2*).

34. The *2011 Non-Disclosure Agreement* was a form used by Quick Fitting on which the name of the other party was blank. Someone – it is still not clear who – hand-wrote the name "Eastern Foundry & Fitting LLC" and the Yungs' Toronto business address, 10 Brodie Drive, Richmond Hill, Ontario, in the blank space on the first page of the *2011 Non-Disclosure Agreement*. *Exhibit A-2* submitted herewith is a true and accurate copy of the *2011 Non-Disclosure Agreement,* which was the second attachment to Quick Fitting's *Second Amended Complaint*. *See Exhibit A*, ¶¶ 79-80, and *Exhibit A-2*.

35. Andrew Yung executed the *2011 Non-Disclosure Agreement* dated May 4, 2011 (*Exhibit A-2*, p. 4), and returned it to Quick Fitting.

36. The Yungs claimed after the litigation started that "Eastern Foundry & Fitting LLC," the name hand-written onto the *2011 Non-Disclosure Agreement* was *not* intended to be Eastern Foundry and Fittings, LLC (EFF LLC), the Yung's related Walpole, Massachusetts operation.

37. Andrew Yung has stated he believes the Non-Disclosure Agreement was *supposed* to have named and included EFF Inc. *Exhibit A*, at ¶ 81. That company, EFF Inc., however, was not incorporated until October 25, 2011, nearly six months after execution of the *2011 Non-Disclosure Agreement*. A true and accurate copy of the Canadian Corporation Profile Report for EFF Inc. is submitted as *Exhibit N*.

38. Quick Fitting also sent the Yungs a separate written agreement titled *License Agreement with Terms of Confidentiality, Non-Disclosure, and Non-Competition* to be executed on behalf of EFF Manufactory, the new manufacturing facility as it had been

identified to Quick Fitting (the "*2011 EFF Manufactory License Agreement*"). *See* SAC (Exhibit A), ¶84.

39. Andrew Yung executed the *2011 EFF Manufactory License Agreement* and returned it to Quick Fitting. *Exhibit A-3* submitted herewith is a true and accurate copy of the *2011 EFF Manufactory License Agreement*, which was also the third attachment to Quick Fitting's *Second Amended Complaint. See Exhibit A-3; See Exhibit A*, ¶ 85.

40. The *2011 EFF Manufactory License Agreement* identifies EFF Manufactory as "Supplier." EFF Manufactory is the only party other than Quick Fitting referred to in the *2011 EFF Manufactory License Agreement*. *Exhibit A-3.*

41. Wai Feng Trading was not a signatory to either the *2011 Non-Disclosure Agreement* or to the *2011 EFF Manufactory Agreement*. *See Exhibit A-2, Exhibit A-3, and Exhibit H*, Answer No. 13.

42. Wai Feng Trading ceased operations at least as early as August 2011. Deposition of Wai Feng Trading (by Jacky Yung), November 6, 2014, ("WFT Depo. 11/6/14"), relevant portions of which are attached hereto as *Exhibit F*, p. 28.

43. The Yungs' new company in Toronto, EFF Inc., assumed the business of Wai Feng Trading. *EFF Inc.'s Supplemental Answers and Responses to Quick Fitting's Interrogatories and Requests*, February 6, 2015, relevant portions of which are attached hereto as *Exhibit O*, Amended Answer 8(f).

44. Wai Feng Trading's thirteen employees became employees of Wai Mao and performed services for both Wai Mao and EFF Inc. WFT Depo. 11/6/14 (*Exhibit F*), p. 30. Wai Feng Trading's office equipment was transferred to EFF Inc. *Id.* at p. 44.

45. By letter to "Customers and Partners" dated February 12, 2012, the Yungs

announced that they had "changed our company name to 'Eastern Foundry & Fittings Inc.' ('EFF') from Wai Feng Trading Co. Ltd." and that their new domain name would be *www.eff-fitting.com*. The reason given was that "all our products come from our new plant 'Ningbo EFF Manufactory'," and had "since 2010." The announcement went on to state all "obligations and rights will be assumed by to [sic] Eastern Foundry & Fittings Inc." A true and accurate copy of the letter is attached as Exhibit P hereto. *See* Exhibit P.

46. The products for which some of the Yung Entities claim Quick Fitting owes money were ordered by way of six (6) separate purchase orders from Quick Fitting to EFF Manufactory.

47. True and accurate copies of the six Quick Fitting purchase orders ordering the products for which Quick Fitting allegedly owes money (the "Disputed Purchase Orders" or "Disputed PO's") are submitted as *Exhibit Q*. Identified by "Date" and "P.O. No.," they are as follows:

| Date | P.O. No. |
|---|---|
| May 20, 2011 | 457103 |
| June 27, 2011 | 457127 |
| Jan. 31, 2012 | 457436 |
| Feb. 9, 2012 | 457439 |
| Feb. 9, 2012 | 457440 |
| May 17, 2012 | 457481 |

48. Each of the Disputed Purchase Orders is addressed to EFF Manufactory as "Vendor," at its address in China, as each Purchase Order reflects:



Quick Fitting®

Purchase Order

Quick Fitting Inc.
750 Narragansett Park Dr.
East Providence, RI 02916
jordanc@quickfitting.com
Phone # 877-238-4826 Fax # 877-258-4826

| Date | P.O. No. |
| --- | --- |
| 6/27/2011 | 457127 |

| Vendor | Ship To |
| --- | --- |
| Ningbo EFF Manufactory Co, LTD.<br>Longshan Industrial District<br>208 Longzhen Rd.<br>Cixi City Zhegiang 315311 China | Quick Fitting Inc.<br>750 Narragansett Park Dr<br>East Providence, RI 02916 |

*See Exhibit Q*.

49. Wai Feng and EFF Manufactory claim that Quick Fitting owes money billed on ten invoices that arose out of the Disputed Purchase Orders. True and accurate copies of the ten invoices upon which the Yungs commenced suit (the "Disputed Invoices") are submitted as *Exhibit R*, the first page of which is a summary page generated by the Yung Entities at the inception of the litigation.

50. The Disputed Invoices at *Exhibit R* correspond to products Quick Fitting ordered from EFF Manufactory on the Disputed Purchase Orders attached at *Exhibit Q*.

51. There is not a one-to-one correlation between each Disputed Purchase Order and each Disputed Invoice, however. Typically, a Purchase Order would cover a greater number of different SKUs or a greater number of pieces of an SKU, or both. Stated another way, an invoice did not necessarily reflect all the products ordered in the Purchase Order cited on it.

52. Invoices typically did not include all product contained in any particular Purchase Order because invoices would be generated and sent to Quick Fitting as EFF Manufactory finished or partially completed a production run of one or more SKUs in an order and shipped them out.

53. EFF Manufactory would ship the push-fit products ordered by Quick Fitting directly from China to Quick Fitting. Deposition of Wai Feng Trading (by Jacky Yung), January 28, 2016, ("WFT Depo. 1/28/16"), relevant portions of which are attached hereto as *Exhibit S*, p. 51. *See the Yung Entities' Fourth Amended Complaint*, 13-033 Dkt. 80, ¶ 7.

54. Each shipment from EFF Manufactory to Quick Fitting was accompanied by an invoice. *Yung Entities' Fourth Amended Complaint*, ¶ 8.

55. It was Quick Fitting's procedure to count and inspect products receive from manufacturers. Quick Fitting followed this procedure and issued payments for many of the products ordered and received from EFF Manufactory. *Fourth Amended Complaint*, 13-033 Dkt. 80, ¶ 8.

56. Quick Fitting found serious problems with and withheld payments for some of the products received from EFF Manufactory. *See Exhibit A*, pp. 17-21, ¶¶ 96, 99-118.

57. Though the Disputed Purchase Orders at issue (*Exhibit Q*) are all to EFF Manufactory, the invoices at issue in this litigation all purport to be from Wai Feng Trading. *See Exhibit R*.

58. Asked if he knew why, Jacky Yung, the president and owner of Wai Feng Trading, testified there was an agreement that Wai Feng Trading would issue the invoices for products Quick Fitting would order from EFF Manufactory. Asked to explain who had "agreed" to that arrangement, Jacky Yung answered "Andrew [his brother] and Dave Crompton [the president of Quick Fitting]." WFT Depo. 1/28/16 (*Exhibit S*) p. 46.

59. Jacky Yung testified, however, that he did not know anything more about that purported agreement:

> Q. Are you aware that Quick Fitting was ordering
> products by submitting purchase orders to EFF

Manufactory?
A. Yes.
Q. How did it come about then that Wai Feng
Trading was issuing the invoices?
A. It was always agreed on that Wai Feng
would issue the invoices.
Q. Who was in that agreement?
A. Andrew and Dave Crompton.
….
Q. Okay. But, why wouldn't EFF Manufactory
invoice Quick Fitting --
MR. LYONS: Objection.
Q. -- for the products it was ordering?
A. I don't know.

*Exhibit S,* pp. 46-47.

60. Andrew Yung, the president and owner of EFF Manufactory, whom Jacky Yung said was a party to the described-agreement regarding billing, did not know of any such agreement with Quick Fitting and attributed the arrangement to accountants:

What I'm trying to ask is why purchase
orders -- why the invoices were from Wai Feng Trading
Company when the purchase orders were actually to EFF
Manufactory in China?
MR. LYONS: Objection. Scope.
THE DEPONENT: Okay. In my email
inbox it is always under Ningbo EFF -- okay. As far
as the purchase orders go from Quick Fitting it's
always written this way, Ningbo EFF Manufactory Co.,
Ltd. It always goes to my email inbox. As far as
what is on the other one document why it's written
there as Wai Feng Trading Co., Ltd., I don't know why.
This is all accounting, like, matters. So I'm not too
sure how they would handle that.
BY MR. NOEL:
Q. Was it your understanding that Quick Fitting
was to be paying Wai Feng Trading Company?
MR. LYONS: Objection. Scope.
THE DEPONENT: Yes, that's what I
understand.
BY MR. NOEL:
Q. But you don't know why it was set up this
way?

A. That I don't know.

*EFF Mfg. Depo*. 10/20/15 (*Exhibit B*), p. 84-85.

61. The first of the Disputed Invoices is dated October 5, 2011, months after execution of the *2011 EFF Manufactory Agreement* and after Wai Feng Trading had stopped conducting business. *See Exhibit R*, p. 2.

62. The balance allegedly remaining on that invoice is $9,928.78. *Exhibit R*, pp. 1, 2.

63. The next Disputed Invoice came more than six months later - April 27, 2012 – 11 months after the *2011 EFF Manufactory Agreement* and months and after Wai Feng Trading had ceased operations. *Exhibit R*, p 3. The balance allegedly remaining on that invoice is $3,262.42. *See Exhibit R*, pp. 1, 3.

64. The other eight Disputed Invoices, all purportedly from Wai Feng Trading, are dated over a five-week period between May 17, 2012 and June 20, 2012 (*Exhibit R*, pp. 4-11), a year after execution of the 2011 EFF Manufactory Agreement between Quick Fitting and EFF Manufactory and months and after Wai Feng Trading had ceased operations in August 2011.

65. Wai Feng Trading and EFF Inc. filed suit against Quick Fitting over the Disputed Invoices in Ontario, Canada on August 2, 2012 (the "Canadian Lawsuit"), just six weeks after the final invoice.

66. Wai Feng Trading and EFF Inc. both claimed in the Canadian Lawsuit that they were Canadian entities and that Quick Fitting owed the amount of $477,661.47.

67. Wai Feng Trading and EFF Inc. asserted in the Canadian Lawsuit that their claim was "with respect to a contract for the sale of goods made in Ontario, where the breach

of contract has occurred in Ontario and where the damage has been sustained in Ontario…."

68. The claim in the Canadian Lawsuit that Quick Fitting owed $477,661.47 was not accurate.

69. The claims made in the Canadian Lawsuit that the suit concerned a contract for the sale of goods made in Ontario, and that the breach of contract occurred in Ontario, were not accurate.

70. Wai Feng Trading and EFF Inc. eventually dismissed the Canadian Lawsuit.

71. Wai Feng Trading and EFF Inc. filed an action in this court in January 2013 (identified as CA No. 13-033), again both stating that they were Canadian entities.[2] *See* 13-033 Dkt. 1.

72. A month later, Wai Feng Trading and EFF Inc. moved to amend their complaint in 13-033, stating that EFF Inc. was in fact a Chinese, not a Canadian, corporation. *See* 13-033 Dkt. 5.

73. Nine months later, in November 2013, Wai Feng Trading and EFF Inc. moved to *substitute* the Chinese entity, EFF *Manufactory*, for the Canadian entity, EFF *Inc*., as one of the two plaintiffs in 13-033. *See* CA No. 13-033 Dkt. 17.

74. In December 2010, during the course of the business with Quick Fitting but before any payments were due, a Yung Entity employee provided payment instructions to Quick Fitting. The payment instructions were in an email from *janice@waifeng.com* dated December 16, 2010, a true and accurate copy of which is attached as Exhibit T hereto. Quick Fitting was directed to make wire payments to:

"Switt Code: HKBCCATT, 10-012-023388-070, Transit# 016"

---

[2] Quick Fitting had been preparing its initial complaint and filed it (CA No. 13-056 Dkt. 1) a few days later.

*See* Exhibit T.

75. Unknown to Quick Fitting, the Yungs claim that they, EFF Manufactory and Wai Feng Trading had an agreement between them whereupon Wai Feng Trading would pay EFF Manufactory for the products EFF Manufactory would produce and ship to Quick Fitting. WFT Depo. 1/28/16 (*Exhibit S*), pp. 50-51.

76. Neither Wai Feng Trading nor EFF Inc. possessed an import-export license permitting the purchase and shipping of products from EFF Manufactory in China. For reasons still unclear to Quick Fitting, it was another Yung Entity, Wai Mao, that had the required import-export license. WFT Depo. 1/28/16 (*Exhibit S*) pp. 102-103.

77. Unknown to Quick Fitting at the time, the Yungs claim it was intended by them, therefore, that Wai Mao would be the Yung Entity to order the product from EFF Manufactory, and the Yungs in fact used Wai Mao and its import-export license to order products from EFF Manufactory in China. WFT Depo. 1/28/16 (*Exhibit S*) p.67; Deposition of Wai Mao (by Jacky Yung), January 29, 2016, ("Wai Mao Depo. 1/29/16"), relevant portions of which are attached hereto as *Exhibit U*, p. 18. Deposition of Wai Mao Co. (by Jacky Yung), March 17, 2016, ("Wai Mao Depo. 3/17/16"), relevant portions of which are attached hereto as *Exhibit V*, p. 64.

78. Both Wai Mao and Wai Feng Trading made payments to EFF Manufactory for the products on the Disputed Invoices and for other products manufactured by EFF Manufactory.

79. EFF Manufactory has been paid in full for all products contained on the Disputed Invoices.

80. EFF Manufactory admits in Interrogatory Answers that it is owed no money

by Quick Fitting for the Disputed Invoices, and Quick Fitting owes no money to EFF Manufactory:

> Quick Fitting does not owe money to EFF China for the unpaid invoices at issue in this litigation

*EFF Manufactory Co. Ltd.'s Amended Answers to Quick Fitting, Inc.'s First Set of Interrogatories*, December 30, 2013, relevant portions of which are attached hereto as *Exhibit W,* Amended Answer No. 17. The term "EFF China" was used by the Yungs' counsel for a time to refer to EFF Manufactory.

81. At deposition, EFF Manufactory, through its president and owner, Andrew Yung, confirmed that Quick Fitting owed EFF Manufacturing no money:

> Q. …Am I correct that EFF Manufactory does
> not assert any damages against Quick Fitting?
> MR. LYONS: Objection.
> A. I don't know.
> Q. But you have no knowledge that Quick Fitting owes
> EFF Manufactory any money; correct?
> A. No, I don't know.
> ….
> Q. Aside from [legal counsel]
> has anyone told you that Quick Fitting
> owes EFF Manufactory some money?
> A. No.
> Q. Neither Jimmy, your father, or Jacky, your brother,
> has said that; correct?
> A. No.

Deposition of EFF Manufactory (by Andrew Yung), April 30, 2015 ("EFF Mfg. Depo. 4/30/15"), relevant portions of which are attached hereto as *Exhibit X*, pp. 25-26.

82. Both Wai Feng Trading and Wai Mao later admitted that EFF Manufactory had been paid in full for all products that were identified on and covered by the Disputed Invoices. *WFT Depo*. 1/28/16 (*Exhibit S*) p. 52; *Wai Mao Depo*. 3/17/16 (Exhibit V), p. 74.

83. The operative pleadings in Civil Action No. 13-033 ("13-033") is the Fourth

Amended Complaint of Wai Feng Trading and EFF Manufactory (13-033 Dkt. 80, Nov. 25, 2014), and Quick Fitting's Answer to Fourth Amended Complaint and Amended Counterclaim (13-033 Dkt. 81), filed on December 9, 2014.

Date: November 17, 2017

**QUICK FITTING, INC.**

By Its Attorneys,

/s/ Thomas R. Noel
Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL LAW
203 South Main Street, Suite 2
Providence, RI 02903
Tel: 401-272-7400
Fax: 401-621-5688
TNoel@LawNoel.com
JRHarrington@LawNoel.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2017, I served a copy of the foregoing via the Court's Electronic Case Filing System, upon:

Thomas W. Lyons, Esq.
Rhiannon S. Huffman, Esq.
Strauss, Factor, Laing & Lyons
One Davol Square, Suite 305
Providence, RI 02903

/s/ Thomas R. Noel